IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JAMES PINKNEY, #B11058,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 3:15-cv-00380-NJR |
| | ) |
| **STEPHEN A. DUNCAN,** | ) |
| **SERGEANT EOVADI,** | ) |
| **OFFICER TANNER, and** | ) |
| **OFFICER CONRAD,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

  Plaintiff James Pinkney is currently incarcerated at the Lawrence Correctional Center in Sumner, Illinois. (Doc. 1 at 1.) Proceeding *pro se*, Pinkney has filed a civil rights action pursuant to 42 U.S.C. § 1983 against three correctional officers at Lawrence, along with Lawrence's warden, Stephen Duncan. (*Id.* at 9.) Pinkney alleges that the three correctional officers slammed his face and head into a steel table in the prison dining area following a strip search. (*Id.* at 9-10.) He seeks compensatory and punitive damages. (*Id.* at 1.)

  This matter is now before the Court for a preliminary review of Pinkney's complaint pursuant to 28 U.S.C. § 1915A. Under 28 U.S.C. § 1915A, the Court shall review a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a government entity." During this preliminary review under § 1915A, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint," if

the complaint "is frivolous, malicious, or fails to state a claim on which relief may be granted" or if it "seeks monetary relief from a defendant who is immune from such relief."

### Background

According to Pinkney's complaint, on July 9, 2014, Pinkney and his cellmate were strip searched by prison officials in his cell at Lawrence. (*Id.* at 8.) After the search, Pinkney was escorted with other inmates to the prison's dining hall, where Sergeant Eovadi, Officer Tanner, and Officer Conrad were stationed. (*Id.*) Once he arrived in the dining hall, Pinkney claims that Officer Tanner and Officer Conrad forced him to sit at a steel table in handcuffs with his head down for three hours. (*Id.* at 8-9.) During those three hours, Pinkney claims that Officer Tanner, Officer Conrad, and Sergeant Eovadi all "slammed [his] head against [the] steel table" while the handcuffs were in place. (*Id.* at 4, 8-9.) Shortly thereafter, Pinkney was escorted back to his cell by Sergeant Eovadi, who told Pinkney that it was his "job to kick inmate's butt[s]." (*Id.* at 9.) Pinkney further states that he was "denied medical attention" for a headache he incurred after the assault, and he was forced to go to the prison's medical area on his own for treatment. He also claims he was improperly charged for a co-pay related to his headache problem by medical staff when he tried to "put back in for more treatment" at some point after the assault. (*Id.*)

According to Pinkney's complaint, he wrote a grievance about the assault but it was "lost by administration." (*Id.* at 7.) Unsatisfied with the prison's failure to respond to his grievance, he filed this § 1983 suit on April 6, 2015. (*Id.* at 1.)

### Discussion

Pinkney's complaint focuses on excessive force allegations against Eovadi, Tanner, Conrad, and Duncan (**Count 1**), so the Court will start there. To put forth an excessive force claim, a prisoner must allege that an assault occurred and that it was "carried out maliciously and

sadistically, rather than as part of a good-faith effort to maintain or restore discipline." *Wilkins v. Gaddy*, 559 U.S. 34, 37-38 (2010). Here, Pinkney claims that his head was slammed into a table by Eovadi, Conrad, and Tanner while he was handcuffed in the prison dining area, which is sufficient to state an excessive force claim against those officers for purposes of preliminary review. *See*, *e.g.*, *Mitchell v. Krueger*, 594 F. App'x 874, 876 (7th Cir. 2014) (summary judgment improper where defendant was "slammed" onto table after he was "restrained with his hands behind his back"); *Holmes v. Vill. of Hoffman Estate*, 511 F.3d 673, 686-87 (7th Cir. 2007) (reversing summary judgment where plaintiff alleged that his head was slammed into car after he was secured). Accordingly, **Count 1** will proceed as to Eovadi, Tanner, and Conrad.

That said, **Count 1** must be dismissed as to Warden Duncan. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Vill. of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). Given this personal involvement requirement, "§ 1983 does not allow actions against individuals merely for their supervisory role." *Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000). Pinkney's allegations against Duncan focus on the fact that he is "responsible for overall management at Lawrence Correctional Center," but Duncan's role as chief administrative officer of the prison is not enough, on its own, to render him personally involved in the actions of his subordinates. *See*, *e.g.*, *Smith v. Husz*, 384 F. App'x 514, 515 (7th Cir. 2010) ("[Section] 1983 does not allow actions against persons merely because of their supervisory roles."); *Burks v. Raemisch*, 555 F.3d 592, 593 (7th Cir. 2009) (noting that "Section 1983 does not establish a system of vicarious responsibility," and finding that "public employees are responsible for their own misdeeds but not for anyone else's"). Pinkney also alleges that Duncan was involved in his "complaint

answer" and "emergency grievance," but that, too, is insufficient to rope Duncan into the excessive force claim. *See*, *e.g.*, *Gevas v. Mitchell*, 492 F. App'x 654, 660 (7th Cir. 2012) (claim against warden properly dismissed where there was "no personal involvement by the warden outside of the grievance process"); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007) (no liability against party for rejecting administrative complaint about a "completed act of misconduct"). Accordingly **Count 1** is dismissed without prejudice as to Duncan.

It is unclear whether Pinkney sought to raise any more claims in his complaint–he makes some vague allegations about a denial of medical care after the assault, but he does not go into much detail about his medical issues. He also does not name the nurse responsible for his care– either by name or in a "John Doe" capacity–as a defendant in this case. The Court will label this possible claim as **Count 2**. To put forth a viable medical claim under the Eighth Amendment, Pinkney must allege that officials were "deliberately indifferent to his serious medical needs." *Sherrod v. Lingle*, 223 F.3d 605, 610 (7th Cir. 2000). This claim involves two separate prongs: the plaintiff must first show that his condition "was objectively serious," and he must then demonstrate that "state officials acted with deliberate indifference" to that condition. *Id.*

Here, Pinkney does not allege enough to surmount the objective prong: he states only that he had a headache after the assault and again later, but he does not state anything about the extent of his symptoms, their duration, their intensity, or their persistence. Serious conditions are those "that may be life threatening or pose a risk of needless pain or lingering disability if not treated at once." *Davis v. Jones*, 936 F.2d 971, 972 (7th Cir. 1991). In this vein, mild headaches are not conditions of constitutional magnitude, while major, excruciating, or chronic headaches could be. *Compare Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999) (injuries alleged in complaint – namely "dizziness, sinus problems, headaches and a loss of energy"–are not "the

sort of . . . objectively serious injur[ies] or medical need[s]" protected by the Constitution) *with Edens v. Larson*, 110 F. App'x 710, 714 (7th Cir. 2004) (cluster headaches qualify as an "objectively serious" condition). Because Pinkney has not alleged enough to set forth an objectively serious medical condition, his deliberate indifference claim (**Count 2**)–to the extent Pinkney even sought to raise such a claim – must be dismissed without prejudice.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, **COUNT 1** shall **PROCEED** against Defendants **EOVADI**, **TANNER**, and **CONRAD**. **COUNT 1** is **DISMISSED** without prejudice as to Defendant **DUNCAN**.

**IT IS FURTHER ORDERED** that **COUNT 2** is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Defendant **DUNCAN** is **DISMISSED** without prejudice from this action, as there are no remaining claims against him.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Service of Process at Government Expense (Doc. 4) is **GRANTED**. Service shall be ordered as indicated below.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendants **EOVADI**, **TANNER** and **CONRAD**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered) a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that Plaintiff's pending Motion for Appointment of Counsel (Doc. 3) is **REFERRED** to Magistrate Judge Donald G. Wilkerson for consideration.

Further, this entire matter is **REFERRED** to Magistrate Judge Donald G. Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give

security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 28, 2015**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**